The Central Railway and Electric Company *vs.* The New York, New Haven and Hartford Railroad Company et al.

First Judicial District, Hartford, May Term, 1899.   Andrews, C. J., Torrance, Baldwin, Hamersley and Hall, Js.

The plaintiff's charter authorized it to build and operate an electric railway from a given point in Plainville " to, over and through Main street in Southington, to a convenient point in said town, where connections can be made with the Southington and Plantsville Electric Railroad."   Subsequently the last named company removed its track from the highways and abandoned its railway.   Upon an application by the plaintiff for a finding that public convenience and necessity required the construction of the railway authorized by its charter, it was *held* that the Southington terminus was sufficiently located and described, and that the plaintiff's right to build the road as an entirety was not dependent upon its effecting the connection referred to in its charter.

If an applicant has no legal right to construct the parallel road, the trial judge has no jurisdiction to pass upon the question of public con-

venience and necessity; and the existence of this right may be challenged by motion of the respondent to dismiss for want of jurisdiction.

*Argued May 4th—decided June 1st, 1899.*

APPLICATION for a finding that public convenience and necessity required the construction of an electric railway between Plainville and Southington parallel to the steam railroad of the respondents, made to the *Hon. John M. Thayer*, a judge of the Superior Court; facts found and judgment rendered in favor of the applicant, and appeal by the respondents for alleged errors in the rulings of the judge. *No error.*

The plaintiff is a street railway company authorized to operate an electric railway in certain highways in the town of New Britain. An amendment to its charter passed in 1893 (Special Acts of 1893, p. 774) also authorizes it to build and operate its electric railroad between certain specified towns.

Section 8 authorizes such railway between the towns of New Britain and Plainville, and describes the location and termini of the road. Section 9 authorizes such railway between Plainville and Southington, and describes the location and termini of the road. The description is as follows: "From a point in East Main street in the village of Plainville, . . . over and along Whiting street to, over, and through Main street in the town of Southington, to a convenient point in said town, where connections can be made with the Southington and Plantsville electric railroad." By § 13 the plaintiff is authorized, "in any of the towns or villages above named, to connect its road with any other electric or horse railway operated in any of said villages or towns."

At the time the charter amendment became operative, and until 1898, the Southington and Plantsville Tramway Company operated an electric railroad between the villages of Southington and Plantsville, commonly known as the Southington and Plantsville Electric Railroad, and its terminus in Southington was in Centre street at a point about four rods from the corner of Main street. Early in 1898 the Southington and Plantsville Tramway Company removed its

tracks and fixtures from the highways, and abandoned its railroad. Later, and during the year 1898, the Meriden, Southington and Compounce Tramway Company, acting under its charter provisions, built and has since operated an electric railway between the villages of Southington and Plantsville, having a terminus in Southington at or near the junction of Centre and Main streets.

The proposed street railway will parallel the steam railroad of the appellants.

The trial court found the allegations of plaintiff's application to be true, and adjudged that public convenience and necessity required the construction of the street railway as designated in the application.

At the hearing the New York, New Haven & Hartford Railroad Company claimed "that the franchises granted to the applicant for a railway over the route described in the application had failed, since it has become impossible to build a railway from Plainville to Southington to connect with the Southington and Plantsville Electric Railroad named in the charter of the applicant, and that no judge of the Superior Court could have jurisdiction to hear or act upon this application of the Central Railway and Electric Company."

This claim was raised upon demurrer and motion to dismiss for want of jurisdiction, and the action of the court in overruling this claim and in taking jurisdiction of the question of public convenience and necessity upon the state of facts as found, is the only error assigned in the appeal.

*Edward D. Robbins*, for the appellants (respondents).

*Frank L. Hungerford* and *Marcus H. Holcomb*, for the appellee (applicant).

HAMERSLEY, J. The statute gives a steam railroad a legal right to protection against a parallel street railway until a court has judicially found such road to be of public convenience and necessity. *New England R. Co.* v. *Central Ry. & Elec. Co.*, 69 Conn. 47, 54; *In re Shelton St. Ry. Co.*, ibid.

626, 631. For this reason the defendant was a necessary party to the plaintiff's application for a judicial finding, and as such entitled to raise all questions involved in the adjudication.

The trial judge had no power to make the finding asked, if in fact no parallel road was authorized; the legal right to construct such a road is a condition precedent to his action; it must be found; error in such a finding may be error in deciding a jurisdictional question, and reviewable upon appeal.

The claim urged by the plaintiff in argument, that the question stated in the record could not properly be raised upon the trial, nor upon this appeal, is unsound.

It is true, as claimed by the defendant, that the plaintiff has no authority to build this portion of its railway except as an entirety between the termini fixed by its charter, and that it has no right to build except upon the route described in the charter. But the trial court has found that the plaintiff intends to build the whole road and upon the prescribed route. There is no difficulty in ascertaining the charter location; the Southington terminus is a point in Main street described with sufficient certainty for the purpose of indicating a terminus. The position of the then existing Southington and Plantsville Electric Railway is used to indicate the position of the plaintiff's terminus in Main street. Connections between the two roads might or might not take place; under § 13 of its charter the plaintiff has the power, but it is not charged with the duty, of making such connection. These positions are not changed by an abandonment of the Plantsville railway, and there is nothing to prevent the plaintiff from now building its road in its entirety upon the route described in its charter.

The defendant's real contention seems to be, not that the plaintiff is unable or unwilling to construct its road between the prescribed termini, but that the inducing motive of the Legislature, in authorizing a railroad from Plainville to Southington, was to connect Plantsville with Plainville by means of the Southington and Plantsville Electric Railway, and as the accomplishment of the purpose intended has been pre-

vented by the act of that road, a condition of the grant to the plaintiff to build from Plainville to Southington has failed and the grant has become void. Certainly the charter does not require the completion of such a connection, and there can therefore be no duty unperformed, and the alleged forfeiture must result from a privilege lost. We fail to see how such a controlling motive and unexpressed condition can be evolved from the language used in describing the location. A grant of this kind should undoubtedly be strictly construed; yet it should be construed,—not amended.

There is no error.

In this opinion the other judges concurred.